In re the last will and testament of KATE ABLE, deceased.

[Submitted January 11th, 1916.   Decided January 13th, 1916.]

Where testatrix left all her property to her son, with whom she lived, and who stood in a confidential relation toward her, any presumption of undue influence arising therefrom *Held* overcome by the evidence.

On appeal from the orphans court of Hunterdon county.

*Mr. Harry J. Able* and *Mr. H. Burdett Herr,* for the appellants.

*Mr. William C. Gebhardt* and *Mr. Francis J. Blatz,* for the appellee.

BACKES, VICE-ORDINARY.

This is an appeal from a decree of the orphans court of Hunterdon county, upon a verdict of a jury denying probate of the last will and testament of Kate Able, deceased. The testatrix was a widow with two married children, a son and daughter. In the later years of her life she lived with her son, and by her will gave to him all of her estate. The daughter filed a caveat, and upon her motion the cause was certified into the circuit court for a trial before a jury. Before that tribunal the will was contested on the grounds that it was a forgery; that it was not executed according to the statutory requirements; that the testatrix was incompetent, and that the paper was procured by undue influence. A verdict was returned that the testatrix was of sound and disposing mind, and that the will was duly executed, but that it was the result of undue influence, imposition or fraud exercised upon the testatrix by her son Edwin F. Able, and, therefore, was not her last will and testament.

There was no evidence produced at the trial of fraud or imposition and if, besides the proof of confidential relation existing between the mother and son, there was some of "slight additional circumstances" to raise a presumption of undue in-

fluence (*Sparks Case, 63 N. J. Eq. 242*), the burden cast upon the proponent of rebutting the presumption was fully and satisfactorily discharged, and the jury's verdict was not warranted. The record disclosed that the testatrix was a woman familiar with business affairs, intelligent and firm of mind. She was unable to read or write, except to sign her name; but this evidently was a slight handicap, for it appears that she accumulated a small fortune in running a hotel. It is proved beyond peradventure that she was mentally competent to dispose of her estate by last will and testament, and also that she did so volitionally and knowingly and with all of the formality required by law. No undue influence was brought to bear upon her to select the son as the sole object of her bounty—at least, nothing of the kind was shown by admissible testimony. To choose him was her privilege. The exclusion of the daughter was for reasons which she regarded as good and sufficient, and which she seems to have made generally known. Whether they were well founded need not be passed upon. It is enough to say that she had reasonable grounds for believing the circumstances which moved her to disown the daughter, and that these circumstances were not extrinsic to the daughter's conduct.

The decree will be reversed and the will admitted to probate.